UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HABIB SADID, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>ARTHUR VAILAS, RICHARD JACOBSEN, GRAHAM GARNER, DAVID BEARD, and JOHN/JANE DOES I through X,<br><br>        Defendants. | Case No. 4:11-cv-00103-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

      Before the Court is Plaintiff's Motion to Amend Complaint (Dkt. 23). The Court has determined that oral argument would not significantly assist the decisional process, therefore it will consider the motion on the briefing without a hearing. Having considered the parties' pleadings and being familiar with the record, the Court will grant the Motion as more fully expressed below.

## BACKGROUND

      Plaintiff Habib Sadid was a tenured associate professor in Idaho State University's (ISU) Civil Engineering Department. On October 30, 2009, Sadid was terminated by ISU president Arthur Vailas. Vailas terminated Sadid on recommendation by Dean of

ISU's College of Engineering Richard Jacobsen, despite the finding by a majority of the Faculty Grievance Appeals Board, of insufficient evidence warranting dismissal. *Compl.* ¶¶ 67, 71-72, Dkt. 1. The principal reason cited for Sadid's termination was that he "posed a safety threat to the health and welfare of the students and faculty of ISU and the security of ISU." *Id*. ¶¶ 60, 75, 77.

Sadid initiated the action here on March 15, 2011, against ISU and Defendants Vailas and Jacobsen in their official and individual capacities, alleging violation of 42 U.S.C. § 1983 and denial of Sadid's First Amendment, Substantive and Procedural Due Process and Equal Protection rights, and various state law claims, including defamation. *Compl.* Defendants moved to dismiss under Rule 12(b)(6), which this Court granted in part, by dismissing claims against ISU and named Defendants in their official capacities, and denied in part, by allowing claims against named Defendants in their individual capacities to remain.

On August 11, 2011, prior to the deadline to amend pleadings, Sadid filed a motion to amend his complaint to add Defendants Graham Garner and David Beard, formerly identified as John Does. *Mem in Support of Mot.*, Dkt. 23-1 at 2.

## LEGAL STANDARD

Rule 15(a) is very liberal and leave to amend "shall be freely given when justice so requires." *Leadsinger, Inc. v. BMG Music Pub.,* 512 F.3d 522, 532 (9th Cir. 2008). The district court has sole discretion in deciding whether to grant leave to amend, on consideration of whether there has been "undue delay, bad faith or dilatory motive . . . ,

repeated failure to cure deficiencies by amendments previously allowed, undue prejudice . . ., [and] futility of amendment." *Id*., citing *Foman v. Davis*, 371 U.S. 178, 182 (1962). Prejudice is the most important factor to consider in this analysis. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990)(citation omitted). In *Jackson*, the Ninth Circuit found undue prejudice where proposed amendments added claims raising new legal theories. *Id.* at 1388.

## DISCUSSION

Defendants cite a number of reasons why Sadid's motion should be denied. First, Defendants argue that Sadid has failed to identify what new facts support the addition of the two new defendants, Graham Garner and David Beard. Sadid's motion indicates that Garner and Beard were among those identified in the initial complaint as John Does. *Mem. In Support of Mot.*, Dkt. 23-1 at 2. In the proposed Amended Complaint, Sadid claims that Garner made false statements about threats allegedly made by Sadid. *Prop. Am. Compl.*, Dkt. 23-2 ¶ 89. The proposed Amended Complaint also identifies Beard as the minority vote from the Faculty Grievance Appeals Board, who dissented from the Board's finding of insufficient evidence to support Sadid's dismissal. *Id.* ¶ 85. The Court finds no basis to deny amendment for lack of factual allegations.

Defendants also argue that the motion to amend complaint is unduly and unreasonably delayed. However, it is undisputed that Sadid filed his motion well before the deadline to amend pleadings. *Case Management Order*, Dkt. 21 (deadline was 11/10/11, three months before the Motion to Amend was filed). Also, Sadid's motion to

amend was filed the day after the Court's decision on Defendants' Motion to Dismiss. *Order*, Dkt. 22.  As Sadid states in his pleadings, the Amended Complaint is intended, at least in part, to update claims in light of the Court's Decision (Dkt. 22) on Motion to Dismiss.  *See* Dkts. 23-1 at 3; 31 at 2.  The Court thus rejects Defendants' argument that Sadid's motion to amend was unduly delayed.

Further, Defendants assert prejudice.  However, Defendants fail to indicate how Defendants are prejudiced.  The Court finds no basis for prejudice, especially since the Motion to Amend is timely.  The Court therefore rejects this argument as well.

Finally, Defendants contend that Sadid's proposed amended complaint would be futile, and are otherwise contrary to the Supreme Court's holdings in *Twombly* and *Iqbal*.  The Court will entertain a motion to dismiss if and when such motion is filed.  However, the Court finds that Sadid has satisfied the standard for a motion to amend and will allow it.

## ORDER

**IT IS FURTHER ORDERED THAT** Plaintiff's Motion to Amend Complaint (Dkt. 23) is **GRANTED**.

DATED: December 9, 2011

_____
B. Lynn Winmill
Chief Judge
United States District Court