UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HABIB SADID, an individual,<br><br>                    Plaintiff,<br>      v.<br><br>IDAHO STATE UNIVERSITY, ARTHUR VAILAS, RICHARD JACOBSEN, and JOHN/JANE DOES 1 through X, whose true identities are presently unknown,<br><br>                    Defendants. | Case No. 4:11-cv-00103-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendants' Motion for Costs and Attorneys' Fees (Dkt. 25). The Court has determined oral argument would not significantly assist the decisional process and will decide the motion without a hearing. For the reasons expressed below, the Court will deny the motion.

## BACKGROUND

In August 2011, this Court dismissed plaintiff Habib Sadid's complaint against Idaho State University (ISU). The Court also dismissed Sadid's claims against defendants Arthur Vailas and Richard Jacobsen, but only to the extent these defendants

MEMORANDUM DECISION AND ORDER - 1

were sued in their official capacities. Sadid continues to pursue Vailas and Jacobsen in their individual capacities. *See Memorandum Decision & Order*, Dkt. 22.

ISU and the individual defendants now seek roughly $6600 in attorneys' fees. They claim that Sadid's action was frivolous because he knew or should have known that the defendants were immune from suit under the Eleventh Amendment.

## ANALYSIS

**A.     Timing of Rule 54(d) Motion**

As a threshold matter, this motion is premature. Under Federal Rule of Civil Procedure 54, parties must move for attorney's fees "no later than 14 days after entry of judgment." Fed. R. 54(d)(2)(B)(i). The rule defines a "judgment" to include "a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). The rule further clarifies that when there are multiple parties or claims, the court may direct entry of final judgment as to one of those defendants or claims "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Otherwise, the court may revise such an order at any time prior to entry of judgment. *Id.*

Here, the Court did not direct entry of final judgment against any defendant, and the case is ongoing as to the individual defendants. Nonetheless, the Court sees no just reason to delay entry of final judgment in favor of defendant ISU and will do so concurrently with issuing this order. Further, although the Court could require defendants to re-file the pending motion, the Court sees no reason for such an exercise, particularly because Sadid did not raise any objection to the timing of this motion. The Court will therefore consider the merits of the pending motion, as it pertains to ISU. The

Court will not consider the motion to the extent the individual defendants request fees. No judgment has been entered in favor of these defendants.

**B.     ISU is Not Entitled to An Attorney's Fee Award**

A district court may award attorney's fees to a prevailing civil rights defendant if the plaintiff's action was "unreasonable, frivolous, meritless, or vexatious." *Vernon v. City of L.A.*, 27 F.3d 1385 (9th Cir. 1994); *see* 42 U.S.C. § 1988. Sadid's action against ISU – while not successful – was not unreasonable, frivolous, meritless, or vexatious. Rather, Sadid presented a reasoned, good-faith challenge to existing precedent, as set forth in his opposition to this motion and in his opposition to the motion to dismiss. *See Response to Motion to Dismiss*, Dkt. 9, at 2-13; *Response to Motion for Costs and Fees*, Dkt. 32, at 5-14.

The Court will not restate all of Sadid's arguments here. Briefly, however, one of Sadid's key arguments was that ISU should not be considered an arm of the State of Idaho because it receives only 39 percent of its budget from state funds. In making this argument, he noted that at the time prior judges of this court had concluded that ISU was an arm of the state, it was receiving 57 percent of its budget from state funds. The Court is not persuaded by this argument, but cannot deem it unreasonable, frivolous, meritless, or vexatious.

Defendants' citation to *Franchesi v. Schwartz,* 57 F.3d 828, 832 (9th Cir. 1995) is unavailing. In that case, the Ninth Circuit concluded that the plaintiff "utterly failed to meet his burden of demonstrating" why the defendants were not entitled to Eleventh

Amendment immunity.  *Franchesi* is distinguishable because Sadid presented a good-faith argument as to why ISU might not enjoy Eleventh Amendment immunity.

Given this conclusion, the Court need not address defendants' arguments related to Idaho Code § 12-121.  Defendants indicate that, under this statute, they are entitled to fees if the Court determines Sadid's case was brought, pursued, or defended frivolously, unreasonably, or without foundation.  *See Mot. Memo.*, Dkt. 25-1, at 2.  For the reasons already discussed, the Court does not view this case as one that was brought "frivolously, unreasonably, or without foundation."

Finally, although defendants cited Idaho Code § 12-120(3) in their motion, they did not brief the application of that statute here.  Rather, in a footnote, defendants observed only the following:

> It must be noted that, under Idaho Code §12-120(3), the prevailing party in a civil action involving a commercial transaction based on a contract is entitled to an award of reasonable attorney fees. *Willie v. Board of Trustees*, 59 P.3d 302, 308 (2002). While Defendants believe that this statute also provides a basis for fees where the gravamen of the Plaintiff's suit is on a contract, Defendants rely principally on §§1988 and 12-121 due to the frivolous nature of the claims made against ISU and its officials.

*Mot. Memo*, Dkt. 25-1, at 3 n.1 (parallel citations omitted).  Because defendants did not argue or explain how these principles apply to this particular case – and, to the contrary, stated that they relied principally on §§ 1988 and 12-121 – the Court will not address the propriety of a fee award under Idaho Code § 12-120(3).

## ORDER

Defendants' Motion for Attorney's Fees (Dkt. 25) is **DENIED.**  Defendants' concurrent request for costs is denied as moot, given defendants' indication they are no

MEMORANDUM DECISION AND ORDER - 4

longer pursuing the costs (amounting to $134.50) identified in the bill of costs.



DATED: February 9, 2012

B. Lynn Winmill
Chief Judge
United States District Court

**MEMORANDUM DECISION AND ORDER - 5**