UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HABIB SADID, an individual,<br><br>               Plaintiff,<br>   v.<br><br>IDAHO STATE UNIVERSITY, ARTHUR VAILAS, RICHARD JACOBSEN, and JOHN/JANE DOES 1 through X, whose true identities are presently unknown,<br><br>               Defendants. | Case No. 4:11-cv-00103-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is defendants' Motion to Stay (Dkt. 35) and plaintiff's Motion to Strike Reply (Dkt. 47). The Court has determined oral argument would not significantly assist the decisional process and will decide the motion without a hearing. For the reasons expressed below, the Court will deny both motions.

## BACKGROUND

Plaintiff Habib Sadid has filed three lawsuits generally relating to Idaho State University's alleged adverse actions against him. In November 2011, defendants asked the Court to stay this action pending the Idaho Supreme Court's decision in one of the state court actions.

MEMORANDUM DECISION AND ORDER - 1

Briefly, the three lawsuits described in the stay motion are as follows:

*State Lawsuit No. 1.*  In September 2008, Sadid sued ISU and various university officials in state court.  *See Sadid v. Idaho State Univ.*, Case No. 2008-3942-OC.  He alleged that the university retaliated against him because of his comments criticizing the administration that had been published in a local newspaper over several years.  *See Sadid v. Idaho State Univ.*, 265 P.3d 1144, 1148 (Idaho 2011).  He sought damages under 42 U.S.C. § 1983 on the grounds that defendants violated his freedom of speech guaranteed by the First and Fourteenth Amendments.  The trial court granted summary judgment in defendants' favor and, in November 2011 – after defendants filed this motion – the Idaho Supreme Court affirmed.  *See id.*

*Federal Lawsuit.*  Meanwhile, in March 2011, Sadid filed this action against ISU and individual defendants Arthur Vailas and Richard Jacobsen.  Here, Sadid alleges a violation of 42 U.S.C. § 1983 for denial of his First Amendment, Substantive and Procedural Due Process and Equal Protection rights.  He also alleges breach of contract, defamation, and intentional infliction of emotional distress.

Sadid asserts that this action differs in at least one respect from the state lawsuit described above.  He says that here, he is focused on his April 2009 speech at a faculty meeting, whereas the state lawsuit focused on earlier speech.  *See Sadid's Response,* Dkt. 37, at 3.  Sadid argues that the prior speech – the speech at issue in the state action – was protected because he spoke as a private citizen on matters of public concern whereas the speech at issue here – the April 2009 speech – "should be protected by the academic freedom exception to the *Garcetti* analysis." *Id.*  (referring to *Garcetti v. Ceballos*, 547

MEMORANDUM DECISION AND ORDER - 2

U.S. 410 (2006)); *see also id.* at 4 ("Plaintiff must have a speedy resolution to his complaint on the new, not previously litigated issue of whether his speech at the April 21, 2009 meeting was protected by academic freedom under the First Amendment.")

In any event, in August 2011, this Court dismissed the claims against defendant ISU, as well as the claims against Vailas and Jacobsen in their official capacity. Sadid is continuing to pursue Jacobsen and Vailas in their individual capacity.

*State Lawsuit No. 2.* Roughly two weeks after this Court dismissed ISU as a defendant, Sadid filed a second lawsuit against the same defendants (ISU, Vailas and Jacobsen) in state court. He asserted claims for defamation, intentional and negligent infliction of emotional distress and violation of his constitutional rights under 42 U.S.C. § 1983. *See Sadid v. Idaho State University,* Case No. CV-2011-3455-OC. Defendants indicate that in this lawsuit, Sadid asks the state court to find an "academic freedom exception" for his April 2009 speech for the same reasons asserted here.

At the time defendants filed their original motion, they focused on the first state lawsuit identified above because the Idaho Supreme Court had not yet issued its November 30, 2011 ruling. (The stay motion was filed November 11, 2011). When the Supreme Court did hand down its decision, Sadid pointed out the obvious – the motion had become moot. Nonetheless, defendants continued to argue that a stay was still advisable. In their reply brief, defendants alerted the Court to a fourth case – Sadid's appeal of an Industrial Commission case. *See Reply,* Dkt. 41, at 3. The Industrial Commission determined that ISU terminated Sadid for employment-related misconduct and was therefore ineligible for unemployment benefits. *See id.* Sadid has appealed that

decision to the Idaho Supreme Court. On appeal, Sadid is arguing that the Industrial Commission erred when it concluded that his April 2009 faculty meeting speech fell below a standard of behavior reasonably expected by his employer. Sadid contends that his faculty speech falls within the "academic freedom exception" to *Garcetti. See Defendants' Reply,* at 3.

Defendants now ask the Court to stay this action until the unemployment case is decided.

## ANALYSIS

**1.      Motion to Stay Proceedings**

The Court will deny the stay motion for two reasons. First, as Sadid has pointed out, the Idaho Supreme Court's November 30, 2011 decision in Sadid's original state action mooted the stay motion. The unemployment appeal was not even mentioned in the original motion and defendants have not adequately explained why this appeal has suddenly assumed such importance. Sadid asserts that he filed this appeal in February 2011 – well before the stay motion was filed.

Second, even assuming defendants had raised the unemployment appeal in their motion, the Court would not be persuaded to stay this action. Generally, the pendency of an action in state court is no bar to proceedings concerning the same matter in federal court. *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 813 (1975). Ordinarily, federal courts have "virtually unflagging obligation . . . to exercise the jurisdiction given them," so a stay or dismissal is appropriate only in exceptional circumstances. *Id*. at 817.

District courts consider a variety of factors to determine whether "exceptional circumstances" justify a stay. *See Nakash v. Marciano,* 882 F.2d 1411, 1415 (9th Cir. 1989) (listing factors). But before these factors are consulted, the Court must satisfy itself that the federal and state proceedings are indeed parallel. *See Moses H. Cone Mem'l Hosp v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983) (application of the *Colorado River* doctrine "presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties."). The two proceedings need not be exactly parallel; it is enough if they are "substantially similar." *Nakash,* 882 F.2d at 1415. The district court must, however, have "full confidence" that the state court action will end the ligation; "the existence of a substantial doubt as to whether the state proceedings will resolve the federal action precludes the granting of a stay." *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 (9th Cir. 1993) (citation omitted).

Here, defendants concede that it is unclear if the Idaho Supreme Court will even reach an issue that is being litigated here – namely, whether an "academic freedom" principle protects Sadid's April 2009 speech. Within the unemployment appeal, defendants are arguing that Sadid is judicially estopped from raising that issue. *See Defendants' Opp. to Motion to Strike,* Dkt. 49, at 2 ("Defendants have argued on the unemployment appeal that the Plaintiff is judicially estopped from relying on his April 21, 2009 faculty meeting speech as a causal factor for Defendants' alleged retaliatory actions where he failed to point to that speech in the original action."). They nonetheless assert, however, that "because there is a question as to whether the Supreme Court will

MEMORANDUM DECISION AND ORDER - 5

consider the academic freedom arguments . . . it still is most appropriate to stay this action pending the Supreme Court's decision of the unemployment appeal." *Id.* at 2.

A *Colorado River* stay is inappropriate with a contingency of this sort. *See, e.g., Intel,* 12 F.3d at 913. As the Ninth Circuit explains, "[u]nder the rules governing the *Colorado River* doctrine, the existence of substantial doubt as to whether the state proceedings will resolve the federal action precludes the granting of a stay." *Id.* In *Intel v. Advanced Micro Devices,* 12 F.3d 908 (9th Cir. 1993), the Ninth Circuit faced a somewhat similar situation. There, concurrent state proceedings would resolve the issues in the federal action, but only if the state court confirmed an arbitration award and if the state court's decision had a collateral estoppel effect in federal court. *Id.* at 913. If, however, the state court overturned the arbitration award, further proceedings would be necessary in federal court. *Id.* The court found that "substantial doubt" precluded a *Colorado River* stay. *Id.*

And so it is here. The pending unemployment appeal may or may not resolve the "academic freedom" issue raised in this lawsuit. Additionally, Sadid points out that the unemployment appeal will not resolve his pending state law tort claims. The Court will therefore deny defendants' request to stay this action pending the outcome of the unemployment appeal.[1]

---

[1] Because the Court finds substantial doubt as to whether the unemployment appeal will resolve the disputed issues in this case, the Court need not weigh the other factors included in the *Colorado River* analysis. *See Intel*, 12 F.3d at 913 n.7.

**MEMORANDUM DECISION AND ORDER - 6**

## 2. Motion to Strike Reply

The Court will also deny the motion to strike defendants' reply. Sadid moved to strike the reply based on Federal Rule of Civil Procedure 12(f). That rule is designed to strike immaterial, impertinent, or scandalous matter from pleadings. *See* Fed. R. Civ. P. 12(f); Fed. R. Civ. P. 7(a) (describing the only pleadings allowed). It is not properly invoked to attack a reply brief on the grounds that it exceeds the scope of the motion. As noted above, the reply brief did indeed exceed the scope of relief sought in the motion, and Sadid did not have an opportunity to oppose the newly requested relief. The appropriate procedural move at that point would have been to request an opportunity to file a sur-reply. Nonetheless, in the context of the motion to strike, the parties briefed the new issue relating to the unemployment appeal. After considering that briefing, the Court has determined not to grant the relief requested in the reply brief. The Court will not, however, strike the reply under Rule 12(f).

## ORDER

Defendants' Motion for a Stay of Proceedings (Dkt. 35) is **DENIED**. Plaintiff's Motion to Strike (Dkt. 47) is **DENIED.**

DATED: March 12, 2012

B. Lynn Winmill
Chief Judge
United States District Court