UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HABIB SADID,<br><br>                    Plaintiff,<br>        v.<br><br>ARTHUR VAILAS, RICHARD JACOBSEN, GRAHAM GARNER, DAVID BEARD, and JOHN/JANE DOES I through Z, whose true identities are presently unknown,<br><br>                    Defendant. | Case No. 4:11-cv-00103-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

This Court has granted summary judgment in favor of the defendants on all but one of plaintiff's claims. The plaintiff now asks the Court to enter a separate judgment under Federal Rule of Civil Procedure 54(b) on the dismissed claims. *See* Dkt. 130. For the reasons explained below, the Court will deny this request.

## BACKGROUND

In October 2009, Idaho State University fired the plaintiff, Dr. Habib Sadid. Dr. Sadid responded by suing the university, its president, and other university employees. Dr. Sadid alleges seven claims. In claims one through four, Dr. Sadid alleges that defendants violated his federal constitutional right to free speech, procedural due process,

substantive due process, and equal protection. Claim five through seven allege tortious interference with contract, defamation, and intentional infliction of emotional distress. *See First Am. Compl.*, Dkt. 39. Earlier, the Court granted summary judgment in defendants' favor on all of these claims except for the defamation claim. A trial setting conference is scheduled for May 21, 2013.

## ANALYSIS

Dr. Sadid asks the Court to enter judgment on his dismissed claims so that he may file an appeal on those claims while his defamation claim remains before this Court.

Federal Rule of Civil Procedure 54(b) allows district courts to enter a final judgment on less than all of the claims in a multi-claim lawsuit.[1] However, the Court must expressly find that there is "no just reason for delay" before directing a separate judgment. *See* Fed. R. Civ. P. 54(b). The district court must also consider the historic, federal policy against piecemeal appeals. *See Curtiss–Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). "Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Morrison–Knudsen Co. v.*

---

[1] Federal Rule of Civil Procedure 54(b) provides in pertinent part:

Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim relief ... or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

*J.D. Archer*, 655 F.2d 962, 965 (9th Cir. 1981). "A similarity of legal or factual issues will weigh heavily against entry of judgment under the rule, and in such cases a Rule 54(b) order will be proper only where necessary to avoid a harsh and unjust result, documented by further and specific findings." *Id*.

Dr. Sadid has not presented any good reason for entering a separate judgment in this case. To support his motion, Dr. Sadid hypothesizes that the case should proceed along the following lines:

(1) Dr. Sadid would immediately pursue his Ninth Circuit appeal on six of his seven claims.

(2) This Court would theoretically agree to stay any further proceedings on the defamation claim.

(3) The Ninth Circuit would theoretically reverse this Court and hold that some of the dismissed claims should, in fact, proceed to the jury.

(4) Then, this Court would lift the stay on the defamation claim, and the parties would try multiple claims in this Court.

(5) After that trial, one of the parties might well appeal again to the Ninth Circuit, but the plaintiff believes any such appeal would not trouble the Ninth Circuit much because it would be "limited in nature since the issues resolved in the first appeal could not be revisited under the law of the case doctrine." *Reply*, Dkt. 137, at 3.

Dr. Sadid's projected litigation scenario does not support his request for a separate judgment. Instead, it illustrates why the Court should deny the motion. First, there is an obvious risk of piecemeal appeals. Second, when Dr. Sadid says a stay of his district court action would be necessary pending appeal, he is implicitly admitting that all the claims in this action should travel together – not separately. This is because there is

significant factual overlap between the defamation claim and the other claims in this action.  Third, Dr. Sadid has not truly explained how this case is different from any other case where some claims are decided on a summary judgment and some proceed to trial. Certainly, he has not put forth any "pressing" need for an early, separate judgment.  He has not identified any harsh or unjust result that might occur if the Court delays entry of final judgment.

For all these reasons, the Court concludes that this is not an unusual case warranting a separate judgment under Federal Rule of Civil Procedure 54(b).

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED THAT:**

1. Plaintiff's Motion for District Court to Certify Final Judgment per F.R.C.P. 54(b) or, in the Alternative, to Certify as Appealable the Memorandum Decision and Order of March 28, 2013, Dkt. 28, Per 28 U.S.C. § 1292(b) is **MOOT, in part**, and **DENIED, in part.**  Specifically, plaintiff withdrew his alternative request for relief under 28 U.S.C. § 1292(b), which moots that part of the motion.   The remaining request for relief, under Federal Rule of Civil Procedure 54(b), is denied.

DATED: May 21, 2013

_____
B. Lynn Winmill
Chief Judge
United States District Court