UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HABIB SADID, an individual,<br><br>                  Plaintiff,<br>     v.<br><br>IDAHO STATE UNIVERSITY, ARTHUR VAILAS, RICHARD JACOBSEN, GRAHAM GARNER, DAVID BEARD, and JOHN/JANE DOES 1 through X, whose true identities are presently unknown,<br><br>                  Defendants. | Case No. 4:11-cv-00103-BLW<br><br>**MEMORANDUM DECISION AND ORDER RE MOTION TO BIFURCATE** |

### INTRODUCTION

Before the Court is defendant Graham Garner's Motion to Bifurcate Issues for Trial (Dkt. 152). The Court has determined oral argument would not significantly assist the decisional process and will decide the motion without a hearing. For the reasons expressed below, the Court will deny the motion.

### BACKGROUND

After the summary judgment rulings in this case, plaintiff Dr. Habib Sadid has one remaining claim against one defendant – a defamation claim against Graham Garner. After ISU terminated Dr. Sadid, Mr. Garner told a reporter at the ISU student newspaper

MEMORANDUM DECISION AND ORDER - 1

that, among other things, Dr. Sadid "presented a lot of safety issues." *ISU Bengal Article,* Dkt. 88-15, at 2. Dr. Sadid's defamation suit is based on these comments. One of Mr. Garner's affirmative defenses is that he is immune from suit under Idaho's Tort Claims Act. *See* Idaho Code § 6-904(3). Specifically, if Mr. Garner made these comments within the course and scope of his employment at ISU, and without malice or criminal intent, then he is immune from suit. *See id.*

Mr. Garner asks the Court to bifurcate the issues at trial, such that his immunity defense is tried first – before the jury hears any other evidence related to Dr. Sadid's defamation claim.

## LEGAL STANDARD

In the normal course of litigation, all claims and issues in a civil action are presented for resolution in one trial. Rule 42(b), however, empowers courts to bifurcate a trial for any one of the following reasons: (1) "convenience"; (2) "to avoid prejudice"; or (3) "to expedite and economize." Fed. R. Civ. P. 42(b). A district court is given "broad discretion" to determine whether bifurcation is appropriate. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). Absent some experience demonstrating the worth of bifurcation, "'separation of issues for trial is not to be routinely ordered, . . . .'" Fed. R. Civ. P. 42(b) (advisory committee notes to the 1966 amendment).

## ANALYSIS

Mr. Garner says there are three key reasons his immunity defense should be tried separately. First, he says *Pearson v. Callahn*, 555 U.S. 223 (2009) supports bifurcation. Second, he says separate trials will be more efficient. Third, he says the jury will be

confused – to his prejudice – if it hears evidence of damages before deciding the immunity defense. The Court will address each argument in turn.

*Pearson.* The Supreme Court's decision in *Pearson* does not support bifurcation. *Pearson* teaches that that immunity defenses should be addressed early on because they entirely immunize the defendant from a lawsuit, as opposed to garden-variety affirmative defenses which simply immunize the defendant from liability. *Id.* at 231. As the Court put it: "Because qualified immunity is an immunity from suit rather than a mere defense to liability it is effectively lost if a case is erroneously permitted to go to trial." *Id.* (internal alterations, quotation marks, and citation omitted). Here, the Court has addressed the immunity question in denying Garner's motion for summary judgment on this issue. Thus, a jury trial is needed to resolve this defense.

*Efficiency.* As for Mr. Garner's argument that bifurcation will result in a more efficient trial, he asserts that trying the immunity question "will require very little testimony and only a few exhibits in order for the parties to adequately present the issue to the jury." *Mot.* Dkt. 152, at 3. This statement is too general to convince the Court that it would be more economical to have separate trials – particularly where it seems obvious that there will be factual and evidentiary overlap between the plaintiff's presentation of his case and Mr. Garner's immunity defense. More specifically, Mr. Garner has not given the Court a clear picture of precisely what evidence would be needed to go forward on the affirmative defense versus the evidence that would be presented during plaintiff's case. As a result, he has failed to convince the Court that there would be significant efficiency gains by having a separate, mini-trial on the affirmative defense before

MEMORANDUM DECISION AND ORDER - 3

plaintiff presents his case.  As another court has explained, bifurcation "must be grounded upon a clear understanding between the court and counsel of the issue or issues involved in each phase and what proof will be required to pass from one phase to the next."  *Response of Carolina, Inc. v. Leasco Response, Inc.*, 537 F.2d 1307, 1324 (5th Cir. 1976).  Mr. Garner has failed to give the court the clear understanding it needs to conclude that bifurcation is warranted.

In reaching this conclusion, the Court is mindful that bifurcation may well be warranted when resolution of a single issue may be dispositive of the entire case.  On the other hand, however, bifurcation is inappropriate where the issues are so intertwined that separating them would "tend to create confusion and uncertainty."  *See Miller v. Fairchild Indus., Inc.*, 885 F.2d 498, 511 (9th Cir.1989) (citation and quotation marks omitted).  Here, given the factual overlap between plaintiff's case and Mr. Garner's immunity defense, the Court believes bifurcation would more likely result in confusion and inefficiencies.

Additionally, the trial of this one-claim lawsuit should only take a few days.  Devoting at least a day to an affirmative defense mini-trial would not represent a significant time savings.

*Confusion; Prejudice.*  Finally, the Court is not convinced that Mr. Garner will be prejudiced by a single, unified trial.  Here, Mr. Garner focuses on damages evidence.  The parties have significant disagreements regarding the evidence Dr. Sadid may present on damages.  The Court will resolve these differences later, but even assuming the Court allows Dr. Sadid prevails on these differences, juries are routinely instructed to keep

evidence in its proper place, and there is nothing about the anticipated evidence in this case that leads the Court to believe such instructions would be ineffective. Additionally, Mr. Garner says he fears that a jury might be sympathetic toward Dr. Sadid and award him damages, even if they are persuaded that Mr. Garner was acting in the course and scope of his employment. Again, this assumes that the jury will disregard instructions. The Court believes that these concerns can be adequately addressed with proper instructions and a carefully tailored verdict form, which will require the jury to decide the immunity question before proceeding to questions regarding liability or damages.

In conclusion, the Court finds that bifurcation will not further the goals set out in Rule 42(b). Defendant's motion will therefore be denied.

## ORDER

Defendants' Motion to Bifurcate Issues for Trial (Dkt. 152) is **DENIED.**

DATED: November 17, 2013

B. Lynn Winmill
Chief Judge
United States District Court