UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HABIB SADID, an individual,<br><br>               Plaintiff,<br>     v.<br><br>IDAHO STATE UNIVERSITY, ARTHUR VAILAS, RICHARD JACOBSEN, GRAHAM GARNER, DAVID BEARD, and JOHN/JANE DOES 1 through X, whose true identities are presently unknown,<br><br>               Defendants. | Case No. 4:11-cv-00103-BLW<br><br>**MEMORANDUM DECISION AND ORDER RE: FRANK ZANG** |

# INTRODUCTION

Before the Court is plaintiff's Motion to Admit Lay Opinion Testimony of Frank Zang as a Skilled Lay Observer (Dkt. 153). The Court has determined oral argument would not significantly assist the decisional process and will decide the motion without a hearing. For the reasons expressed below, the Court will deny the motion.

# BACKGROUND

After the summary judgment rulings in this case, plaintiff Dr. Habib Sadid has one remaining claim against one defendant – defamation against Graham Garner. After ISU terminated Dr. Sadid, Mr. Garner told a reporter at the ISU student newspaper that,

among other things, Dr. Sadid "presented a lot of safety issues." *ISU Bengal Article,* Dkt. 88-15, at 2. Dr. Sadid's defamation suit is based on these comments. One of Mr. Garner's affirmative defenses is that he is immune from suit under Idaho's Tort Claims Act. *See* Idaho Code § 6-904(3). Specifically, if Mr. Garner made these comments within the course and scope of his employment at ISU, and without malice or criminal intent, then he is immune from suit. *See id.*

At the upcoming trial, Dr. Sadid wishes to uses the testimony of Frank Zang to show that Mr. Garner was not acting in the course and scope of his employment when he made his remarks. Mr. Zang was an employee of another Idaho state university (Boise State University) for over eight years. The defendant objects on grounds that Dr. Sadid failed to disclose Mr. Zang during discovery.

## ANALYSIS

Under Rule 37 of the Federal Rules of Civil Procedure, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at trial, unless the failure was substantially justified or is harmless."

Dr. Sadid first says – without any supporting analysis – that he "properly disclosed Mr. Zang under Rule 26" by listing Mr. Zang on his November 5, 2013 trial witness list. *Reply,* Dkt. 190, at 2. But parties cannot comply with their pretrial discovery obligations by identifying a witness for the first time in their trial witness list. Dr. Sadid has thus failed to show that he complied with his discovery obligations.

Dr. Sadid has also failed to demonstrate that his late disclosure is substantially

justified or harmless. Dr. Sadid argues that he was justified in waiting until the last minute to disclose Mr. Zang by suggesting that the statutory-immunity question arose for the first time after the Court ruled on the parties' motions for summary judgment. *See Reply,* Dkt. 190, at 3. But the immunity question has been in the lawsuit all along. Mr. Garner asserted this affirmative defense back in January 2012 when he answered Dr. Sadid's complaint. *See Answer,* Dkt. 48, at 6 ("The defendants are immune from liability pursuant to Idaho Code § 6-904 and/or any other applicable immunity.") Granted, the summary-judgment rulings stripped away other claims and issues, but the immunity question certainly did not arise for the first time after those rulings. So there is no justification for the late disclosure.

Further, allowing Mr. Zang to testify would substantially prejudice the defense. Mr. Garner had no chance to depose Mr. Zang or otherwise prepare for his testimony at trial. Thus, Mr. Zang will be barred from testifying at trial.

With this ruling, the Court need not address the parties' remaining arguments. The Court is aware that defendant has objected to various exhibits Dr. Sadid attached to his reply brief. *See Nov. 18, 2013 Objection*, Dkt. 194. If Dr. Sadid still intends to rely on any of these exhibits at trial – even though Mr. Zang will not be allowed to testify – the Court will address that issue later.

**ORDER**

Defendants' Motion In Limine to Admit the Lay Opinion Testimony of Frank Zang as a Skilled Lay Observer (Dkt. 153) is **DENIED.**

DATED: December 5, 2013

_____
B. Lynn Winmill
Chief Judge
United States District Court