UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

HABIB SADID, an individual,

Plaintiff,

v.

IDAHO STATE UNIVERSITY,
ARTHUR VAILAS, RICHARD
JACOBSEN, GRAHAM GARNER,
DAVID BEARD, and JOHN/JANE
DOES 1 through X, whose true identities
are presently unknown,

Defendants.

Case No. 4:11-cv-00103-BLW

**MEMORANDUM DECISION AND
ORDER**

**INTRODUCTION**

Pending before the Court is plaintiff Dr. Habib Sadid's Motion to Disqualify

Counsel and Stay Proceedings.  *See* Dkt. 201.  The Court has determined oral argument

would not significantly assist the decisional process and will decide the motion without a

hearing.  For the reasons expressed below, the Court will deny the motion.

**BACKGROUND**

The only remaining defendant in this case is Graham Garner.  Plaintiff argues that

defense counsel cannot properly represent Mr. Garner due to an alleged conflict of

interest with all former defendants in this case as well as the defendants in Dr. Sadid's

identical state-court action.  *See Mot. Mem.*, Dkt. 201-2, at 7;  *see Sadid v. Idaho State Univ.*, et al., Case No. CV-2011-3455-OC (Bannock Cty., filed Aug. 23, 2011).

## ANALYSIS

Motions to disqualify counsel are decided under state law and are committed to the discretion of the trial court.  *In re Cnty. of L.A.*, 223 F.3d 990, 995 (9th Cir. 2000); *Crown v. Hawkins Co.*, 910 P.2d 786, 794 (Idaho Ct. App. 1996).  Under Idaho law, "[t]he moving party has the burden of establishing grounds for the disqualification.'" *Crown,* 910 P.2d at 794.  Because motions to disqualify opposing counsel are potentially misused for tactical purposes, they are subjected to "'particularly strict judicial scrutiny.'" *Optyl Eyewear Fashion Int'l Corp. v. Style Co.*, 760 F.2d 1045, 1050 (9th Cir. 1985) (citation omitted).  Additionally, parties who seek to disqualify opposing counsel should do so "at the onset of the litigation, or 'with promptness and reasonable diligence' once the facts upon which the motion is based have become known.  A failure to act promptly may warrant denial of the motion." *Crown,* 910 P.2d at 795 (internal citations omitted).

Plaintiff did not act promptly in this case.  His disqualification motion is based on President Vailas' deposition testimony, which was given some 18 months ago in May 2012.  During his deposition, Vailas said Garner was not speaking for Vailas or ISU when Garner commented on Dr. Sadid's termination.  That deposition testimony allowed Dr. Sadid to survive summary judgment on his defamation claim.  The Court highlighted the testimony in its May 2013 decision:

> Two competing inferences can be drawn from . . . [Vailas'] testimony. The first inference, most favorable to Dr. Sadid, is that Vailas meant Garner was not acting in the course and scope of his employment. The second inference, more favorable to Garner, is that President Vailas was not commenting in any detail on Garner's job description, but was instead stating that he did not think Garner's statements accurately reflected his or the university's view. The defendants effectively ask the Court to adopt this second inference, but the Court cannot do so in ruling on a motion for summary judgment – especially when President Vailas has not submitted any affidavit further explaining what he meant. As it stands, President Vailas' unvarnished deposition testimony is sufficient to overcome the presumption that Garner was acting in the course and scope of his employment. The jury will therefore need to decide this question.

*May 2, 2013 Decision,* Dkt. 135, at 19.

Dr. Sadid has not adequately explained why he waited so long to pursue a disqualification motion based on President Vailas' deposition testimony.  This very lengthy delay – combined with the fact that plaintiff dropped this motion on defense counsel (and the Court) just two weeks before trial – militates against disqualification.

More substantively, the Court finds that Dr. Sadid has failed to demonstrate a conflict of interest.  Idaho Rule of Professional Conduct 1.7, which addresses conflicts of interest, provides as follows:

> (a)   Except as provided in paragraph (b) below, a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
>
> > (1)   the representation of one client will be directly adverse to another client; or
> >
> > (2)   there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by the personal interests of the lawyer, including family and domestic relationships.

For there to be an actual conflict here, ISU would theoretically be attempting to avoid its potential indemnification obligations to Mr. Garner by distancing itself from him – specifically, under these facts, by asserting that Garner's actions were outside the scope of his employment.  Defense counsel has never taken that position; to the contrary, they have vigorously and consistently argued that Mr. Garner acted in the course and scope of his employment.  The fact that Vailas gave some ambiguous deposition testimony on this point gave Dr. Sadid an opening to argue that Garner is not immune from suit.  *See* Idaho Code § 6-904(3) (government employees "while acting within the course and scope of their employment and without malice or criminal intent shall not be liable for any claim which . . . [a]rises out of . . . libel . . . .'"").  But this testimony has not caused a conflict to arise among the defendants.  As noted, defense counsel has never shown any inclination to argue that Garner was acting outside the course and scope of his employment.  As a result, ISU's and Garner's interests are aligned and there is no conflict.

Other courts have rejected similar motions to disqualify.  For example, in *Granberry v. Byrne*, 2011 WL 4852463, at *5 (E.D. Pa. 2011)*,* the court explained that "at this juncture, the legal positions of both Defendants are completely aligned and any possibility of inconsistent defenses coming into play is, at best, hypothetical."  *See also, e.g., Lieberman v. City of Rochester*, 681 F. Supp. 2d 418, 427 (W.D.N.Y. 2010) ("at this stage in the litigation, the City has not distanced itself from the Officers in the defense of

this action, but rather has affirmed that the Officers were acting within the scope of their employment.").

For these reasons, the Court does not believe the integrity of the adversary process is threatened by defense counsel's continued representation of Mr. Garner.  The Court will therefore deny Dr. Sadid's motion to disqualify defense counsel and stay these proceedings.  The Court will not issue sanctions at this time, but plaintiff should exercise prudence.  If the Court determines, during the trial or post-trial proceedings, that he has filed a meritless motion for improper tactical purposes, the Court will not hesitate to issue sanctions.

## ORDER

Plaintiff's Motion to Disqualify Counsel and Stay Proceedings (Dkt. 201) is **DENIED.**  Defendant's request for sanctions is **DENIED**.

DATED: December 6, 2013

B. Lynn Winmill
Chief Judge
United States District Court