UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HABIB SADID, an individual,<br><br>      Plaintiff,<br>  v.<br><br>IDAHO STATE UNIVERSITY, ARTHUR VAILAS, RICHARD JACOBSEN, GRAHAM GARNER, DAVID BEARD, and JOHN/JANE DOES 1 through X, whose true identities are presently unknown,<br><br>      Defendants. | Case No. 4:11-cv-00103-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court is Plaintiff's Counsel's Joint Motion to Withdraw (Dkt. 212). The Court has determined that oral argument is not necessary. For the reasons stated below, the Court will deny the motion.

## BACKGROUND

On December 6, 2013 – with trial just 10 days away – plaintiff's lawyers move to withdraw as counsel. Attorney Ron Coulter indicates that when he began representing Dr. Sadid back in October 2010, the American Federation of Teachers (AFT) agreed to pay 50% of Dr. Sadid's legal fees. Mr. Coulter also says that the federation agreed to give him three months' advance written notice if it decided to stop paying the fees so that he would could seek to withdraw as counsel. *Coulter Aff.,* Dkt. 212-1, ¶ 4.

On December 6, Mr. Coulter received an email indicating that the federation had decided to stop funding Dr. Sadid's case. It is unclear, however, whether the funding has indeed stopped or is slated to stop at some future point. The email states: "You will have to contact Ambrose and find out exactly when the funding will stop or has already stopped." *Dec. 6, 2013 email*, Dkt. 212-2, at 2. Counsel does indicate that beginning in September of this year, he "began experiencing problems in obtaining payment from AFT." *Coulter Aff.,* Dkt. 212-1, ¶ 8. Mr. Coulter is apparently contemplating suing the federation for breach of contract. *See Dec. 6, 2013 email,* Dkt. 212-2 at 1 ("If they will not pay, I will move to disqualify myself from the case. Additionally, I will file a lawsuit for breach of contract.")

## ANALYSIS

Under this District's Local Rule 83.6(c), if an attorney of record is a sole representative for a party, the attorney may not withdraw without leave of court.

This Court has discretion in deciding whether to allow the attorney to withdraw. *See LaGrand v. Stewart,* 133 F3d 1253, 1269 (9th Cir. 1998). In determining whether there is good cause for withdrawal, many courts have considered whether the client is cooperative and willing to assist the attorney in the case. *See, e.g., Whiting v. Lacara*, 187 F.3d 317, 321 (2d Cir.1999). The Seventh Circuit has held that "[u]nless there is a demonstrated conflict of interests or counsel and defendant are embroiled in an irreconcilable conflict that is so great that it resulted in a total lack of communication preventing an adequate defense, there is no abuse of discretion in denying a motion [to

withdraw]." *United States v. Cole*, 988 F.2d 681, 683 (7th Cir.1993) (citation and quotation marks omitted) (alterations in original).

Further, even where good cause exists, other factors may take precedence. *See In re Tutu Wells Contamination Litig.*, 164 F.R.D. 41, 44 (D.V.I. 1995). For example, the court may consider: the extent to which withdrawal will disrupt the case; how long the case has been pending; the financial burden the client will face in finding new counsel; *see Byrd v. Dist. of Columbia*, 271 F. Supp. 2d 174, 176 (D.D.C.2003); prejudice to other parties; and whether withdrawal will harm the administration of justice; *see United States ex rel. Cherry Hill Convalescent Ctr., Inc. v. Healthcare Rehab Sys., Inc.*, 994 F. Supp. 244, 252-53 (D.N.J. 1997).

Courts have also acknowledged that "withdrawal for failure to pay a fee 'will not necessarily be appropriate in all . . . circumstances.'" *Hasbro, Inc. v. Serafino*, 966 F. Supp. 108, 110 (D. Mass. 1997) (citation omitted). Before permitting counsel to withdraw, the court should consider: the amount of work remaining in comparison to the amount of work already performed and paid for; the amount of fees already paid; and the effect of withdrawal on the client. *See id.; see also Gibbs v. Lappies*, 828 F. Supp. 6, 8 (D.N.H.1993) (denying motion to withdraw where withdrawal would adversely affect client).

The Court will not allow Dr. Sadid's counsel to withdraw for several reasons.

First, this litigation has been extremely protracted and allowing counsel to withdraw would inevitably and significantly disrupt and delay a final resolution. Dr. Sadid filed this case almost three years ago, in March 2011. There have been numerous

MEMORANDUM DECISION AND ORDER - 3

pretrial motions and the trial has already been delayed once. Delaying the trial yet again would almost surely require both sides to duplicate trial-preparation efforts and would generally harm the administration of justice.

Second, counsel invoked Idaho Rule of Professional Conduct 1.7(a)(2) in their effort to withdraw, but they do not precisely explain how that rule applies here. Rule 1.7 deals with conflicts of interests, providing as follows:

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
>
> . . .
>
> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by the personal interests of the lawyer, including family and domestic relationships.

Counsel has not explained how they are in a conflict situation, other than to assert that this is so. Mr. Coulter's affidavit states that

> With respect to myself and Emile Loza de Siles, it is an absolute certainty that our representation of Dr. Sadid will be materially limited and indeed, completely curtailed because the conflict created by ATF's [sic] breach and refusal to supply funding creates as to Dr. Sadid's representation a concurrent conflict of interest with the personal interests of each of these attorneys, including their family and domestic relationships. See Rule I. 7(a)(2). This concurrent conflict of interest is unredeemed and unredeemable under Rule 1.7(b) because neither attorney will be able to provide competent and diligent representation to Dr. Sadid in light of this breach by ATF [sic] and the absolute lack of any other funds by which to pay for Dr. Sadid's s legal expenses and costs.

*Coulter Aff.*, Dkt. 212-1, ¶ 10. This does not convince the Court that a conflict

has in fact arisen under Rule 1.7.

Finally, turning to the question of attorney fees and counsel's compensation, counsel has not supplied the Court with any details.  But it would appear that the federation has paid for around three years' worth of legal work, beginning in or around October 2010 and continuing through around September 2013, when counsel said he began experiencing difficulties obtaining payment.  The amount of work remaining is minor by comparison, at least in terms of the number of days left before trial is concluded  The trial is scheduled to conclude on December 20.  Granted, trial work is intense and attorneys generally bill large blocks of time during trial.  But still, the time needed to complete this trial is likely a fraction of the time already billed to this case.  For all these reasons, the Court will not allow counsel to withdraw at this time.  The Court may reconsider this ruling after the trial is completed.

## ORDER

**IT IS ORDERED that** Plaintiff's Counsel's Joint Motion to Withdraw (Dkt. 212) is **DENIED.**

DATED: December 9, 2013

B. Lynn Winmill
Chief Judge
United States District Court