UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HABIB SADID, an individual,<br><br>              Plaintiff,<br>   v.<br><br>IDAHO STATE UNIVERSITY, ARTHUR VAILAS, RICHARD JACOBSEN, GRAHAM GARNER, DAVID BEARD, and JOHN/JANE DOES 1 through X, whose true identities are presently unknown,<br><br>              Defendants. | Case No. 4:11-cv-00103-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

      Defense counsel has objected to two subpoenas in this case – one for Jesse Stoler, and the other for David Miller.  *See* Dkt. 224.

      Mr. Miller resides in Wisconsin – well outside the subpoena power of this Court. Thus, he cannot be compelled to attend trial.  *See* Fed. R. Civ. P.(c)(1)(A).  Dr. Sadid will be permitted to present relevant, admissible deposition testimony from Mr. Miller at trial, however.  *See* Fed. R. Civ. P. 32(a)(4).

      As for Mr. Stoler, the Court has concluded that he will be permitted to testify at trial.  Earlier this week, the Court entered an order indicating that Mr. Stoler could testify at trial if he had been disclosed in Rule 26 disclosures.  *See Dec. 10 Decision,* Dkt. 223, at 4.  The Court anticipated Mr. Stoler would have been identified given that he is such an obvious witness in this case:  He authored the November 18, 2009 article that is at the

MEMORANDUM DECISION AND ORDER - 1

center of Dr. Sadid's defamation suit. Now, however, it appears that Dr. Sadid did not include this witness in his Rule 26 disclosures.

The Court concludes that the failure to disclose Mr. Stoler was harmless because he was such an obvious witness that his identity must have been known to the defendants. *See* Fed. R. Civ. P. 26(a) (advisory committee notes to 1993 amendments; *El Ranchito, Inc. v. City of Harvey*, 207 F. Supp. 2d 814, 818 (N.D. Ill. 2002) (failure to disclose persons known to opposing party and "obvious" subjects for deposition was "harmless"). He will therefore be permitted to testify at trial.

## ORDER

**It is ordered that** Defendant's objection to trial subpoeneas (Dkt. 224) is sustained in part, and overruled in part as follows:

1. Mr. Miller need not comply with the trial subpoena issued to him because he lives beyond the subpoena powers of the Court.

2. Mr. Stoler will be permitted to testify at trial.

3. The Court declines to issue sanctions at this time.

DATED: December 12, 2013

B. Lynn Winmill
Chief Judge
United States District Court