UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HABIB SADID, an individual,<br><br>                    Plaintiff,<br>          v.<br><br>IDAHO STATE UNIVERSITY,<br>ARTHUR VAILAS, RICHARD<br>JACOBSEN, GRAHAM GARNER,<br>DAVID BEARD, and JOHN/JANE<br>DOES 1 through X, whose true identities<br>are presently unknown,<br><br>                    Defendants. | Case No. 4:11-cv-00103-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court is defendants' Application for Entry of Default (Dkt. 253).  Defendants ask the Court to dismiss plaintiff's action with prejudice.  For the reasons expressed below, the Court will deny the application.

## DISCUSSION

On February 6, 2014, this Court granted plaintiff's former counsel's motion to withdraw.  *See* Dkt. 250.  The order granting the motion stated that within 21 days of receiving the withdrawal order, plaintiff would need to appear in the action by either (1) appointing another attorney to represent him; or (2) appearing in person "by filing written

notice with the Court to advise the Court in what manner he will be represented." *Id.* at

2; *see* D. Idaho Local R. 83.6(c)(1).  Within that 21-day period, Dr. Sadid's counsel, Mr.

Ronaldo Coulter, was obligated to continue representing Dr. Sadid until he had filed with

the Court a proof of service of the withdrawal order.

On February 7, 2014 – the day after the withdrawal order was entered – Dr. Sadid

sent a letter directly to the Court.  At that point, Mr. Coulter had not yet filed a proof of

service with the Court, so the Court returned the letter to Dr. Sadid (with copies to all

counsel), informing him that Mr. Coulter still represented him at that point.

As it turns out, Mr. Coulter had served the withdrawal order on Dr. Sadid on

February 7 (a Friday) – the same day Dr. Sadid wrote his letter to the Court.  Mr. Coulter

filed the proof of service with the Court on February 10 (the following Monday).  *See*

Dkt. 252.

The upshot is that Dr. Sadid likely received the order telling him to either find

substitute counsel or appear on his own behalf a couple of days before the Court told him,

in a separate communication, that Mr. Coulter still represented him.  It seems likely that

Dr. Sadid could have been confused by these conflicting communications.  As a result,

the Court will not dismiss this action at this point.  Instead, the Court will grant plaintiff

an additional period of time – **until March 14, 2014** – in which to either notify the Court

that he intends to represent himself or to find new counsel to appear on his behalf.

## ORDER

**IT IS ORDERED that:**

1. Defendant's Application for Entry of Default Judgment (Dkt. 253) is **DENIED**

MEMORANDUM DECISION AND ORDER - 2

**without prejudice.**

2.  Plaintiff is ordered, **by no later than March 14, 2014 at 1:30 p.m.,** to either
    (1) notify the Court that he wishes to represent himself in this action; or (2)
    have new counsel appear on his behalf.

3.  Plaintiff is also notified that on **March 14, 2014, at 1:30 p.m., in the United
    States Courthouse in Pocatello, Idaho,** the Court intends to conduct an
    evidentiary hearing on defendant's motion to enforce the settlement agreement
    in this matter.  **Plaintiff is ordered to appear at this hearing.**

4.  If plaintiff fails to appear in this action, either in person or through a newly
    appointed attorney, by **March 14, 2014 at 1:30 p.m**., such failure shall be
    sufficient grounds for the entry of a dismissal of this action with prejudice and
    without further notice.

DATED: March 3, 2014

B. Lynn Winmill
Chief Judge
United States District Court