UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HABIB SADID, an individual,<br><br>                Plaintiff,<br>    v.<br><br>IDAHO STATE UNIVERSITY, ARTHUR VAILAS, RICHARD JACOBSEN, GRAHAM GARNER, DAVID BEARD, and JOHN/JANE DOES 1 through X, whose true identities are presently unknown,<br><br>                Defendants. | Case No. 4:11-cv-00103-BLW<br><br>**ORDER CORRECTING FEBRUARY 6, 2014 WITHDRAWAL ORDER (Dkt. 250)** |

## BACKGROUND

On February 6, 2014, this Court entered an order allowing plaintiff Dr. Habib Sadid's former counsel, Ronaldo Coulter, to withdraw. *See* Dkt. 250. The order incorrectly states that the Court had also issued a concurrent written memorandum explaining why it found good cause to allow Mr. Coulter to withdraw. Specifically, the second sentence of the withdrawal order reads as follows: "The Court has considered the Motion and the record in this action, and, *as explained further in its Memorandum*

MEMORANDUM DECISION AND ORDER - 1

*Decision of this date*, finds that good cause appears for the granting of the Motion to Withdraw, . . . ." *Feb. 6, 2014 Order Permitting Attorney to Withdraw Per Dist. Idaho Loc. Civ. R. 83.6,* Dkt. 250, at 1 (emphasis added).

In fact, no written memorandum decision was ever issued because Mr. Coulter's motion to withdraw was discussed during a February 6, 2014 telephonic status conference. During that conference, the Court indicated it would promptly issue an order granting the motion to withdraw. The Court did, in fact, issue an order that same day, but the order inadvertently left in a reference to a written "Memorandum Decision of this date . . . ." *Id.* The reference to this memorandum decision was put there in the first place because the Court had been planning to issue a written memorandum decision addressing the withdrawal motion. After the February 6, 2014 status conference, however, the Court found it unnecessary to issue a written memorandum decision. The withdrawal order was not amended to correct the reference to the anticipated written memorandum. To put it bluntly, there is a mistake in the withdrawal order. Neither party mentioned this mistake until July 2014 – over five months after the Court issued the order.

In mid-July, Dr. Sadid emailed the Court's law clerk, asking about the reference to a written memorandum decision in the February 6, 2014 order. The clerk informed Dr. Sadid that there was no written memorandum decision that accompanied the withdrawal order, and provided him with a copy of the minute entry (Docket 251) for the February 6, 2014 status conference. Dr. Sadid has expressed doubts regarding the accuracy of this explanation. In his most recent email, Dr. Sadid wrote the following:

> Dear Mrs. Smith
>
> Thank you for sending me a copy of the "Docket 251" stating that "Telephonic status conference held. [¶ ] The Court will issue an order granting Ronaldo Coulter's Motion to Withdraw (Dkt. 239).
>
> In Docket 250, Honorable Judge Winmill wrote, "... as explained further in its Memorandum Decision of this date, finds that good cause appears for the granting of the Motion to Withdraw,..."
>
> Perhaps my English is not as good as Honorable Judge Winmill's English, however, this statement, in my opinion, states that the court had issued a Memorandum of Decision supporting the order, prior to the order (Docket 250). I cannot believe that the Court would make such a mistake, as you wrote in your previous e-mail. If I understand correctly, did the Court forget within minutes or hours that it had not written a Memorandum of Decision on that day? Was the order issued without any explanation of its reasoning?
>
> Since there is nothing in the records to support the Court's decision made in Docket 250, I would appreciate if you send me a transcript of the telephonic conference held on February 6th. I thank you for your immediate attention in this matter, in advance.
>
> Best regards,
> Habib Sadid

*July 22, 2014 email from Dr. Habib Sadid to Marci Smith.*

## DISCUSSION

The Court is issuing this order to confirm that the reference to a written memorandum in the February 6, 2014 withdrawal order was erroneous. There is, in fact, no such memorandum. The Court will therefore correct the withdrawal order.

The Court has the power to correct this error under Federal Rule of Civil Procedure 60(a), which provides as follows: "The court may correct a clerical

mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." Fed. R. Civ. P. 60(a).

## ORDER

**IT IS ORDERED that**

1. The February 6, 2014 withdrawal order in this case, Docket 250, is amended to delete this language from the second sentence:

   *, as explained further in its Memorandum Decision of this date,*

2. Otherwise, the February 6, 2014 order shall remain unchanged.

DATED: July 28, 2014

_____
B. Lynn Winmill
Chief Judge
United States District Court